UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PK MUSIC PERFORMANCE, INC., | Civil Action No.: 16 Civ. 1215 (VSB) |
| Plaintiff, | ECF Case |
| - against - | |
| JUSTIN TIMBERLAKE, WILL ADAMS p/k/a "WILL.I.AM" and d/b/a "WILL.I.AM MUSIC PUBLISHING", ZOMBA RECORDING LLC ARISTA US HOLDINGS, INC., SONY MUSIC ENTERTAINMENT, TENNMAN TUNES, LLC, UNIVERSAL MUSIC – Z TUNES LLC, I.AM.COMPOSING, LLC, BMG RIGHTS MANAGEMENT (US) LLC d/b/a "BMG SAPPHIRE SONGS", WILL I AM MUSIC, INC., TENNMAN PRODUCTIONS LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANTS WILLIAM ADAMS,
I.AM.COMPOSING, LLC, WILL.I.AM MUSIC, INC. AND BMG
<u>RIGHTS MANAGEMENT (US) LLC IN SUPPORT OF MOTION TO DISMISS</u>**

MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, NY  10036
(212) 790-4500

*Attorneys for Defendants
William Adams p/k/a will.i.am d/b/a will.i.am Music
Publishing, i.am.composing, llc, will.i.am music, inc. and
BMG Rights Management (US) LLC d/b/a BMG Sapphire Songs*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 2

LEGAL STANDARD................................................................................................................... 3

ARGUMENT ................................................................................................................................ 5

THE COPYRIGHT ACT'S THREE-YEAR STATUTE OF LIMITATIONS REQUIRES DISMISSAL OF PLAINTIFF'S CLAIM FOR ALL TIME PERIODS PRIOR TO FEBRUARY 17, 2013 ................................................................................................................... 5

I. *PETRELLA* FORECLOSES PLAINTIFF FROM PURSUING ITS CLAIM OR RECOVERING DAMAGES MORE THAN THREE YEARS PRIOR TO SUIT ............ 5

II. LONG-SETTLED SECOND CIRCUIT LAW ALSO PROHIBITS PLAINTIFF FROM OBTAINING RELIEF MORE THAN THREE YEARS PRIOR TO SUIT......... 6

III. PLAINTIFF'S RELIANCE ON *PSIHOYOS* IS MISPLACED BECAUSE THE DECISION DID NOT AND HAD NO REASON TO ADDRESS THE APPROPRIATE LOOK BACK PERIOD FOR COPYRIGHT CLAIMS, OR THE SECOND CIRCUIT'S FOUR DECADES OF PRECEDENT ON THE ISSUE ............... 9

CONCLUSION ........................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page**

### CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................3

*Ashley v. Eastchester Police Dept.*,
    No. 10 CV 7952, 2012 WL 234399 (S.D.N.Y. Jan. 6, 2012) ...................................................4

*Auscape Int'l v. Nat'l Geographic Soc'y*,
    409 F. Supp. 2d 235 (S.D.N.Y. 2004) .......................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................3, 4

*Byron v. Chevrolet Motor Div. of General Motors Corp.*,
    No. 93 Civ. 1116, 1995 WL 465130 (S.D.N.Y. Aug. 7, 1995) .............................................6, 7

*EMI Entm't World, Inc. v. Karen Records, Inc.*,
    603 F. Supp. 2d 759 (S.D.N.Y. 2009) ...................................................................................6, 7

*Felix the Cat Prods., Inc. v. Cal. Clock Co.*,
    No. 04 Civ. 5714, 2007 WL 1032267 (S.D.N.Y. Mar. 30, 2007) .............................................6

*Galet v. Carolace Embroidery Prods. Co.*,
    No. 91 Civ. 7991, 1994 WL 542275 (S.D.N.Y. Oct. 5, 1994) (Sotomayor, J.) .....................6, 7

*Gaste v. Kaiserman*,
    669 F. Supp. 583 (S.D.N.Y. 1987) ............................................................................................7

*Hutson v. Notorious B.I.G., LLC*,
    No. 14-cv-2307, 2015 WL 9450623 (S.D.N.Y. Dec. 21, 2015) ..................................10, 11, 13

*Jimenez v. Walker*,
    458 F.3d 130 (2d Cir. 2006) ....................................................................................................11

*Jones v. Bock*,
    549 U.S. 199 (2007) .................................................................................................................4

*Kregos v. Associated Press*,
    3 F.3d 656 (2d Cir. 1993) .................................................................................................6, 7, 9

*Kwan v. Schlein*,
    634 F.3d 224 (2d Cir. 2011) ......................................................................................................7

*Leecan v. Lopes*,
    893 F.2d 1434 (2d Cir. 1990) ....................................................................................................9

*Merchant v. Levy*,
    92 F.3d 51 (2d Cir. 1996) .................................................................................................6, 8, 9

*Mount v. Book-of-the-Month Club, Inc.*,
    555 F.2d 1108 (2d Cir. 1977) ................................................................................................6, 9

## TABLE OF AUTHORITIES

Page

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    134 S. Ct. 1962 (2014) ................................................................................................... passim

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014) ............................................................................................. passim

*Rosette v. Rainbo Record Mfg. Corp.*,
    354 F. Supp. 1183 (S.D.N.Y. 1973), *aff'd*, 546 F.2d 461 (2d Cir. 1976)
    (per curiam) ........................................................................................................................ 7

*Sharp v. Patterson*,
    No. 03 Civ. 8772, 2004 WL 2480426 (S.D.N.Y. Nov. 3, 2004) (Lynch, J.) ....................... 6, 7

*Staehr v. Hartford Fin. Servs. Group, Inc.*,
    547 F.3d 406 (2d Cir. 2008) .................................................................................................. 4

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992), *cert. denied*, 508 U.S. 906 (1993) ................................... passim

*Taylor v. Meirick*,
    712 F.2d 1112 (7th Cir. 1983) ............................................................................................... 7

*TRW Inc. v. Andrews*,
    534 U.S. 19, 27-28 (2001) .................................................................................................... 8

*UMG Recordings Inc. v. Escape Media Grp., Inc.*,
    No. 11 Civ. 8407, 2014 WL 5089743 (S.D.N.Y. Sept. 29, 2014) ..................................... 6, 10

*William A. Graham Co. v. Haughey*,
    568 F.3d 425 (3d Cir. 2009) ............................................................................................ 11, 12

*Wu v. John Wiley & Sons, Inc.*,
    No. 14 Civ. 6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ...................................... 6, 9

*Young-Wolff v. John Wiley & Sons, Inc.*,
    No. 12-CV-5230, 2016 WL 154115 (S.D.N.Y. Jan. 12, 2016) ........................................ 10, 11

### STATUTES

17 U.S.C. § 507(b) ..................................................................................................................... passim

### OTHER AUTHORITIES

1-12 Nimmer On Copyright § 12.05(B)(2)(c) (2015) ...................................................................... 6

### RULES

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 3, 4

Defendants William Adams, i.am.composing, llc, will.i.am music, inc. and BMG Rights Management (US) LLC, on behalf of themselves and the other named defendants (all of the foregoing, collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff PK Music Performance, Inc.'s ("Plaintiff") copyright infringement claim for all time periods prior to February 17, 2013 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

## PRELIMINARY STATEMENT

Plaintiff's lawsuit seeks to turn Supreme Court precedent and four decades of unbroken Second Circuit law on their head. Plaintiff claims to own the copyright in the musical composition *A New Day (Is Here At Last)* ("*Day*"), and that Defendants infringed its rights in the work by sampling it in Justin Timberlake's 2006 song *Damn Girl* without its or its predecessor's permission. Even though Plaintiff did not file suit until February 17, 2016, Plaintiff maintains that it is entitled to damages dating back to the inception of the alleged infringement in 2006 because it supposedly did not discover the use of *Day* in *Damn Girl* before 2015. Plaintiff's purported delayed discovery strains credulity, but, even accepting Plaintiff's allegations on the issue as true, controlling Supreme Court and Second Circuit authority confirms that they do not allow Plaintiff to recover damages more than three years prior to suit.

*First*, just 21 months before Plaintiff commenced this action, the Supreme Court unequivocally stated that copyright plaintiffs are limited to "retrospective relief only three years back from the time of suit." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1973 (2014). *Second*, Plaintiff's position that it is entitled to damages from 2006 forward runs afoul of the holdings in myriad Second Circuit decisions spanning more than four decades that – consistent with *Petrella* – copyright plaintiffs cannot recover damages earlier than three years

before suit.  *Third*, the principal case on which Plaintiff relies to support its position, *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014), is of no help to Plaintiff because it merely addressed the question of when copyright claims accrue, and did not consider (and had no reason to consider) the separate question at issue here of what recovery period applies to such claims.  Thus, even assuming Plaintiff's suit is timely, its effort to recover damages prior to February 17, 2013 fails as a matter of law.  Accordingly, the Court should dismiss Plaintiff's copyright claim for all time periods before that date.

## FACTUAL BACKGROUND

Plaintiff alleges that Perry Kibble composed and registered *Day* with the U.S. Copyright Office in 1969.  (Cplt. ¶¶ 18, 20)  That same year, J.C. Davis released a sound recording of *Day*.  (*Id.* ¶ 21)  Kibble died in 1999, and left his interest in *Day* to his sister, Janis McQuinton, who recorded the assignment with the U.S. Copyright Office in 2003.  (*Id.* ¶¶ 23-24)  Approximately two months before the commencement of this lawsuit, McQuinton assigned her rights in *Day* to Plaintiff, a corporation of which she is the principal.  (*Id.* ¶ 25)

In 2006, Defendants released *Damn Girl* on the album *FutureSex/LoveSounds*.  (*Id.* ¶ 28)  Plaintiff alleges that *Damn Girl* infringes *Day* because it samples *Day* without authorization.  (*Id.* ¶¶ 28-30)  According to Plaintiff, this alleged infringement is "willful" because "[n]o one ever contacted . . . McQuinton or plaintiff for permission to copy or otherwise use [Day] in Damn Girl."[1]  (*Id.* ¶ 40)  Plaintiff further alleges that Timberlake performed *Damn Girl* on tour, that Defendants "reproduced, distributed and/or publicly performed" *Damn Girl* "throughout the

---

[1] Plaintiff ignores the fact that, as discussed in Defendants' pre-motion conference letter (Dkt. 41), before *Damn Girl*'s release, Defendants sought and obtained mechanical and sample use licenses for *Day*'s use from J.C. Davis, who admittedly had originally recorded and released *Day* in 1969 (*see* Cplt. ¶ 21), and from Josh Davis who released a remix of the 1969 recording with J.C. Davis's permission in 2005 on an album identifying J.C. Davis as the composition's sole copyright owner (the "*Day Remix*").

2

world" and that they continue to infringe *Day*. (*Id.* ¶¶ 33-36)  Nevertheless, Plaintiff claims that McQuinton "first discovered that the music in Damn Girl was copied from [Day] in August, 2015."[2]  (*Id.* ¶ 37)  On this basis alone, Plaintiff claims that it "is entitled to damages dating back to [D]efendants' initial infringement in September, 2006." (*Id.* ¶ 38)

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a pleading to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion, the complaint must establish that the requested relief is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The plausibility standard is only satisfied where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2] Although the validity of Plaintiff's purported delayed discovery of the claims at issue is beyond the scope of this motion, the background of this dispute incontrovertibly demonstrates that this theory is implausible.  Plaintiff knew or should have known about the use of *Day* in *Damn Girl*, J.C. Davis's ownership claim in *Day*, and Defendants' licensing of rights in *Day* well before 2015 because, among other reasons, (i) the 2005 release of the *Day Remix* credits J.C. Davis as the exclusive owner of the copyright in the song; (ii) the credits for the album on which *Damn Girl* appears – *FutureSex/LoveSounds* – state that the work "[c]ontains a sample from 'A New Day (Is Here At Last),' written by J.C. Davis, as performed by J.C. Davis, published by J.C. Davis and Yolo Boy (ASCAP), used courtesy of J.C. Davis under license to Cali-Tex Records"; (iii) a federal copyright registration obtained for the *Damn Girl* musical composition on September 24, 2006 – PA0001165054 – similarly states that the work "Samples A New Day Is Here At Last"; and (iv) a second federal copyright registration for the *Damn Girl* composition obtained on December 18, 2006 – PA0001368774 – reveals that J.C. Davis and his publisher, Yolo Boy, acquired a copyright interest in the composition.  McQuinton should have known about these issues long ago for all of the foregoing reasons, and because *FutureSex/LoveSounds* was one of the most popular albums of the 2000s, selling in excess of four million units and garnering four Grammy Award nominations for 2006, including for Album Of The Year and Best Pop Vocal Album.  This background points to a series of public repudiations of McQuinton's supposed ownership rights in *Day* that she never challenged.  Her failure to do so (within three years of the repudiations or otherwise) prevents Plaintiff from establishing its ownership rights in the work, and, thus, its standing to pursue its purported claims.

*Id.* Although a court ordinarily must accept a plaintiff's allegations as true, it need not accept as true allegations that merely "offer . . . 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556. If plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

A court may grant a motion to dismiss where the complaint reveals that the action is untimely. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008) (because the potential lapse of the applicable limitations period for the claim at issue was clear on the face of the complaint, "[a]ppellee's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) was a proper means to plead that the claim should be dismissed as untimely") (citations omitted); *Ashley v. Eastchester Police Dept.*, No. 10 CV 7952, 2012 WL 234399, at *2-*3 (S.D.N.Y. Jan. 6, 2012) (dismissing claims as barred by the statute of limitations on a Rule 12(b)(6) motion because the complaint showed that the claims had accrued in June 2004, and plaintiff did not commence the action until October 2010). As we now demonstrate, the foregoing standards mandate dismissal of Plaintiff's copyright claim for all time periods prior to February 17, 2013.

//

//

# ARGUMENT

## THE COPYRIGHT ACT'S THREE-YEAR STATUTE OF LIMITATIONS REQUIRES DISMISSAL OF PLAINTIFF'S CLAIM FOR ALL TIME PERIODS PRIOR TO FEBRUARY 17, 2013

### I. *PETRELLA* FORECLOSES PLAINTIFF FROM PURSUING ITS CLAIM OR RECOVERING DAMAGES MORE THAN THREE YEARS PRIOR TO SUIT

In *Petrella*, the Supreme Court considered whether a copyright infringement defendant may invoke the equitable defense of laches as a bar to liability under the Copyright Act. *See Petrella*, 134 S. Ct. at 1968-79. To answer that question, the Court undertook a detailed analysis of the Act's three-year limitations period in 17 U.S.C. § 507(b), which analysis was the "most significant" to its decision. *Id.* at 1968. The Court concluded that a copyright infringement defendant cannot rely on laches as a defense to liability because the statute of limitations prescribed by the Act already "takes account of delay." *Id.* at 1973.

In reaching its conclusion, the Court underscored three different times that the statute of limitations incentivizes would-be plaintiffs to file suit without delay by preventing them from pursuing claims and recovering damages more than three years prior to suit. The Court initially noted the following:

> [W]hen a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the ***copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (i.e., acts within the three-year window), but untimely with respect to prior acts*** of the same or similar kind . . . . In sum, Congress provided two controlling time prescriptions: the copyright term, which endures for decades, and may pass from one generation to another; and § 507(b)'s limitations period, which ***allows plaintiffs during that lengthy term to gain retrospective relief running only three years back from the date the complaint*** was filed.

*Id.* at 1970 (emphasis added) (footnote omitted). Next, the Court emphasized that:

> ***[A] successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep***.

*Id.* at 1973 (emphasis added).  Finally, the Court stressed that "Congress' time provisions secured to authors . . . a right to sue for infringement occurring ***no more than three years back from the time of suit***."  *Id.* at 1977 (emphasis added).

*Petrella*'s statute of limitations analysis makes it abundantly clear not only that copyright plaintiffs are limited to a three-year look back, but also that this limitation has nothing to do with the manner in which their claims accrue.  The Court discussed accrual at length, noting the two prevailing approaches for evaluating the issue – *i.e.*, the "discovery rule" and "incident of injury rule" – without explicitly endorsing either one.  *See id.* at 1969-70 & n.4.  Notwithstanding this discussion, the Court in no way qualified its analysis of the three-year look back based on which accrual method applies.  The absence of any such qualification confirms that the three-year look back applies ***regardless*** of whether the discovery rule or injury rule determines when a copyright claim accrues.  This stands to reason because the issues of when a claim accrues and the period for which recovery is available "arise independently of each other."  *See* 1-12 NIMMER ON COPYRIGHT § 12.05(B)(2)(c) (2015).

The foregoing principles doom Plaintiff's attempt to pursue its copyright infringement claim and recover damages from 2006 to the present.  In short, even assuming Plaintiff's claim is timely (and it is not), *Petrella* prevents it from seeking or obtaining relief more than three years before it filed suit – *i.e.*, February 17, 2013.  *See Petrella*, 134 S. Ct. at 1970, 1973, 1977.  For this reason alone, Plaintiff's claim seeking relief prior to that date fails as a matter of law, and must be dismissed.

## II. LONG-SETTLED SECOND CIRCUIT LAW ALSO PROHIBITS PLAINTIFF FROM OBTAINING RELIEF MORE THAN THREE YEARS PRIOR TO SUIT

Time and again since at least the early 1970s courts within the Second Circuit have uniformly held – consistent with *Petrella* – that copyright plaintiffs cannot pursue claims more

6

than three years prior to suit. *See, e.g.*, *Merchant v. Levy*, 92 F.3d 51, 57 n.8 (2d Cir. 1996) ("a copyright owner's suit for infringement is timely if instituted within three years of each infringing act for which relief is sought, but recovery is barred for any infringing acts occurring more than three years prior to suit") (citation omitted); *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993) (same); *Stone v. Williams*, 970 F.2d 1043, 1049-50 (2d Cir. 1992) (same), *cert. denied*, 508 U.S. 906 (1993); *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108, 1111 (2d Cir. 1977) (same); *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746, 2015 WL 5254885, at *6 (S.D.N.Y. Sept. 10, 2015) (same); *UMG Recordings Inc. v. Escape Media Grp., Inc.*, No. 11 Civ. 8407, 2014 WL 5089743, at *18 (S.D.N.Y. Sept. 29, 2014) (same) ("*UMG*"); *EMI Entm't World, Inc. v. Karen Records, Inc.*, 603 F. Supp. 2d 759, 768-69 (S.D.N.Y. 2009) (same); *Felix the Cat Prods., Inc. v. Cal. Clock Co.*, No. 04 Civ. 5714, 2007 WL 1032267, at *2 (S.D.N.Y. Mar. 30, 2007) (same); *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426, at *12 (S.D.N.Y. Nov. 3, 2004) (Lynch, J.) (same); *Byron v. Chevrolet Motor Div. of General Motors Corp.*, No. 93 Civ. 1116, 1995 WL 465130, at *3 (S.D.N.Y. Aug. 7, 1995) (same); *Galet v. Carolace Embroidery Prods. Co.*, No. 91 Civ. 7991, 1994 WL 542275, at *3 n.2 (S.D.N.Y. Oct. 5, 1994) (Sotomayor, J.) (same); *Gaste v. Kaiserman*, 669 F. Supp. 583, 584 (S.D.N.Y. 1987) (same); *Rosette v. Rainbo Record Mfg. Corp.*, 354 F. Supp. 1183, 1194 (S.D.N.Y. 1973) (same), *aff'd*, 546 F.2d 461 (2d Cir. 1976) (per curiam); *accord Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011). Like *Petrella*, these decisions make clear that the three-year look back upon which they rely has nothing to do with – and is not dependent upon – the manner in which the copyright claims at issue accrued. Indeed, ***every one*** of these decisions that considered the accrual issue applied the discovery rule, thereby vitiating Plaintiff's contention that the application of the rule somehow allows it to pursue its claim more than years before suit.

The adoption of the fixed three-year look back took root in the Second Circuit long ago – and continues to be followed – in recognition of the fact that "[t]o do otherwise, would render the words of the Copyright Act meaningless and eradicate the policy objectives of a statute of limitations period in copyright actions." *Gaste*, 669 F. Supp. at 584.  For the same reasons, Second Circuit courts have repeatedly rejected the so-called "continuing infringement" doctrine, which tolls the Copyright Act's three-year statute of limitations until the wrongdoing at issue ceases, and allows plaintiffs to recover damages from the inception of wrongdoing that continues within the three-year period preceding suit.  *See, e.g.*, *Kregos*, 3 F.3d at 662 (continuing infringement doctrine is "unavailable in this circuit"); *Stone*, 970 F.2d at 1049-50 (same); *EMI Entm't World*, 603 F. Supp. 2d at 768-69 (same); *Sharp*, 2004 WL 2480426, at *12 (same); *Byron*, 1995 WL 465130, at *3 (same); *Galet*, 1994 WL 542275, at *3 n.2 (same); *Gaste*, 669 F. Supp. at 584 (same); *compare Taylor v. Meirick*, 712 F.2d 1112, 1119 (7th Cir. 1983) (continuing infringement doctrine allowed plaintiff who filed suit in 1980 to recover for ongoing infringement that had commenced in 1976).

As the foregoing makes clear, Plaintiff's pursuit of a copyright claim prior to February 17, 2013 flies in the face of more than four decades of Second Circuit law.  Nothing Plaintiff has alleged or could allege warrants its attempt to have this Court jettison the three-year look back that has been integral to nearly two generations of Second Circuit copyright law, and embrace the continuing infringement doctrine, which, as noted above, is "unavailable in this [C]ircuit." *See Kregos*, 3 F.3d at 662.  Thus, separate and apart from the insurmountable hurdle that *Petrella* creates, Plaintiff cannot overcome the legion of Second Circuit cases foreclosing its claim earlier than three years before suit.  Accordingly, the claim for that time period must be dismissed.

### III. PLAINTIFF'S RELIANCE ON *PSIHOYOS* IS MISPLACED BECAUSE THE DECISION DID NOT AND HAD NO REASON TO ADDRESS THE APPROPRIATE LOOK BACK PERIOD FOR COPYRIGHT CLAIMS, OR THE SECOND CIRCUIT'S FOUR DECADES OF PRECEDENT ON THE ISSUE

As is relevant here, *Psihoyos* considered one issue and one issue only in relation to the statute of limitations: whether the district court erred in applying the discovery rule to evaluate the accrual of the plaintiff's copyright infringement claims instead of the injury rule. *See Psihoyos,* 748 F.3d at 124-25. *Psihoyos* answered the question in the negative, and, in doing so, reaffirmed the Court's prior holdings in *Merchant* and *Stone* that the discovery rule governs the accrual of copyright claims.[3] *See id.* at 124 (citing *Merchant*, 92 F.3d at 56; *Stone*, 970 F.2d at 1048). The Court, therefore, held that the plaintiff photographer's 2011 lawsuit challenging a book publisher's unauthorized use of his work between 2005 and 2009 (which went undetected until 2010) was timely, rejecting the publisher's position that the claim had accrued in 2005 and was time-barred as of 2008. *Id.* at 124-25.

*Psihoyos* lends no support to Plaintiff's position here. *First*, *Psihoyos* says nothing at all either about the three-year look back endorsed by *Merchant* and *Stone* (and the numerous other cases cited on page 7 above), or the continuing infringement doctrine that these decisions (and several others cited on page 8 above) expressly rejected. *See id.* *Psihoyos* is silent on these issues because the plaintiff there elected to receive statutory damages instead of actual damages, obviating the need for the Court to consider them. *See id.* at 122-25. *Second*, in light of the fact

---

[3] *Psihoyos* put to rest uncertainty in the wake of the Supreme Court's decision in *TRW Inc. v. Andrews*, which suggests that, absent a clear direction from Congress, federal claims accrue at the time of the injury, not discovery. *See* 534 U.S. 19, 27-28 (2001). Following *TRW*, several district court judges in the Second Circuit, including, most notably, Judge Kaplan in *Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 244-45 (S.D.N.Y. 2004), concluded that the injury rule, not the discovery rule, governed the accrual of claims under the Copyright Act. Of course, the adoption of the injury rule in *Auscape* and other decisions had no bearing on – and did not usher in – the three-year look back or the rejection of the continuing infringement doctrine, both of which principles already had been part of Second Circuit law ***for decades***.

that, as reflected in the cases cited in Section II above, courts within the Second Circuit have simultaneously applied the discovery rule and three-year look-back to copyright infringement claims for decades, it would be unreasonable to infer that the *Psihoyos* Court intended to alter that longstanding practice simply by reaffirming the application of the discovery rule as it did. *Third*, it would be improper for this Court to assume that the panel that decided *Psihoyos* intended to depart from Second Circuit precedent recognizing the three-year look back and/or rejecting the continuing infringing doctrine, *see, e.g*, *Merchant*, 92 F.3d at 57 n.8; *Kregos*, 3 F.3d at 662; *Stone*, 970 F.2d at 1049-50; *Mount*, 555 F.2d at 1111, because the panel did not have the authority to do so. *See Leecan v. Lopes*, 893 F.2d 1434, 1443 (2d Cir. 1990) ("[A panel of Second Circuit judges] has no authority to depart from Second Circuit precedent unless it has been overruled in banc or by the Supreme Court.") (citations omitted). *Psihoyos*, thus, cannot be interpreted to reverse (or even question) the Second Circuit's decades-long history of limiting copyright plaintiffs' claims to the three-year period prior to suit.[4]

Cases decided in the Second Circuit since *Psihoyos* are consistent with this analysis. For example, just last September, in *Wu*, Magistrate Judge Peck applied the discovery rule to determine the timeliness of plaintiff's copyright claim, but limited the claim to the three-year period prior to suit. *See Wu*, 2015 WL 5254885, at *6. There, despite ambiguity in testimony arguably revealing earlier infringements, Magistrate Judge Peck found that the plaintiff had discovered his claim – and the claim had accrued – on December 23, 2010, and that he filed suit on May 16, 2013. *Id.* at *7. Because the plaintiff filed suit within three years of the accrual of his copyright claim, his complaint was timely. *Id.* However, Magistrate Judge Peck further held

---

[4] Even if *Psihoyos* could be interpreted to have abandoned the three-year look back (and it cannot be), *Petrella*, which was decided 10 weeks **after** *Psihoyos*, impliedly overruled that aspect of *Psihoyos* by concluding that copyright plaintiffs may only obtain relief for the three-year period prior to suit. *See Petrella*, 134 S. Ct. at 1970, 1973, 1977.

that "[the plaintiff] can recover damages only for any [of defendant's] infringing acts that occurred on or after May 16, 2010" – *i.e.*, three years prior to the filing of suit. *Id*. *Wu*, thus, gives effect not only to the discovery rule recognized in *Psihoyos*, but also *Petrella*'s statements and overwhelming Second Circuit precedent limiting copyright plaintiffs to a three-year look back.

Judge Griesa's decision in *UMG* does too. *See* 2014 WL 5089743, at *18. There, the defendants' employees began infringing the plaintiffs' copyrights in 2007. *Id.* at *2-3. One plaintiff, UMG, filed a copyright infringement action on November 18, 2011, with the remaining plaintiffs joining one month later. *Id.* at *18. Judge Griesa applied the discovery rule set forth in *Psihoyos* to determine whether the plaintiffs had filed suit within three years of the accrual of their copyright claim, and found that they did not discover defendants' alleged wrongdoing until August 2011. *Id.* at *18-19 (citing *Psihoyos*, 748 F.3d at 124). Because UMG filed suit in November 2011, the court found that the "plaintiffs timely filed suit and that their claims [were] not barred by the statute of limitations." *Id.* at *19. However, despite alleged infringements dating back to 2007, which plaintiffs did not discover until 2011, Judge Griesa held that "any claims that defendants infringed plaintiffs' sound recordings accruing on or prior to November 18, 2008 [were] barred by the three-year statute of limitations." *Id.* at *18. Thus, all demands for recovery predating three years prior to the filing of suit were barred as a matter of law, even though the cause of action was itself timely. *See id.* at *18-19. Accordingly, like *Wu*, *UMG* confirms that *Psihoyos* does not allow Plaintiff to pursue a claim prior to February 17, 2013.[5]

---

[5] At the Pre-Motion Conference on June 16, 2016, the Court asked the parties to identify in their filings in connection with this motion (i) any Second Circuit decisions post-dating *Psihoyos* that discuss the three-year look-back rule; and (ii) any district court cases in the Second Circuit in which the court(s) issued rulings or jury instructions addressing the appropriate recovery period for copyright infringement claims. *See* Transcript of June 16, 2016 Conf. ("Tr.") at 6. Despite

11

The two post-*Psihoyos* cases upon which Plaintiff relies in its opposition to Defendants' pre-motion conference letter do not hold otherwise. (*See* Dkt. 44 at 2-3) (citing *Hutson v. Notorious B.I.G., LLC*, No. 14-cv-2307, 2015 WL 9450623 (S.D.N.Y. Dec. 21, 2015); *Young-Wolff v. John Wiley & Sons, Inc.*, No. 12-CV-5230, 2016 WL 154115 (S.D.N.Y. Jan. 12, 2016)) As an initial matter, *Hutson* is irrelevant. It relegates its discussion of *Psihoyos* to a single sentence of dicta in a footnote, *see Hutson*, 2015 WL 9450623, at *4 n.4 (citing *Psihoyos*, 748 F.3d at 125), thereby precluding any precedential value. *Cf. Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006) ("Dicta are not and cannot be binding. Holdings – what is necessary to a decision – are binding. Dicta – no matter how strong or how characterized – are not.") (internal quotations, citation & alterations omitted). And, even if that sentence had any such value (and it does not), it does not shed light on the issues before this Court because it merely addresses whether plaintiff's claims were timely under the discovery rule without considering *Petrella* or any of the Second Circuit cases cited in Section II above governing the time period for which the plaintiff could have recovered damages. *See Hutson*, 2015 WL 9450623, at *4 n.4. *Hutson*, therefore, has no application here.

Plaintiff fares no better with *Young-Wolff*. There, the court credited defendant's position that there were "triable issues of fact" concerning plaintiff's discovery of certain of his copyright infringement claims, including some arising from alleged wrongdoing more than three years before suit, that foreclosed plaintiff's request for summary judgment on the claims. *See Young-Wolff*, 2016 WL 154115, at *10 (citing *Psihoyos*, 748 F.3d at 124) (other citation omitted). The decision, therefore, is limited to the question of whether plaintiff's claims were timely under the

---

having undertaken a diligent search, Defendants have been unable to locate any such documents apart from the *Wu* and *UMG* decisions discussed herein.

discovery rule.[6] Because *Young-Wolff* did not consider – let alone decide – whether plaintiff was entitled to recover damages more than three years prior to suit (assuming his claims were timely) or the impact of the three-year look back recognized in *Petrella* and the vast body of law discussed in Section II above, *Young-Wolff* does not allow Plaintiff to pursue its claim for any time period prior to February 17, 2013.

Finally, the out of circuit decision that Plaintiff highlighted during the Court's June 16, 2016 Pre-Motion Conference, *William A. Graham Co. v. Haughey*, 568 F.3d 425 (3d Cir. 2009), has no bearing on the parties' dispute for at least two separate and independent reasons. *See* Tr. at 7. *First*, the decision, which allowed a plaintiff that had filed suit in February 2005 to seek copyright damages dating back to July 1992, *see id.* at 437-42, is wholly inconsistent with *Petrella*, which the Supreme Court decided nearly five years later. *See, e.g.*, *Petrella*, 134 S. Ct. at 1973 ("[A] successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep."). *Second*, despite the fact that *Haughey* references Second Circuit accrual rules, *see* 568 F.3d at 433 (citing *Stone*, 970 F.2d at 1048), the decision does not address – and, thus, offers Plaintiff no protection against – the Second Circuit's longstanding limits on copyright plaintiffs' recovery window discussed in Section II above. *Haughey*, therefore, is irrelevant to the issues before the Court.

//

//

//

---

[6] Although *Young-Wolff* cites *Petrella*, it does so for the limited purpose of noting that the latter decision "did not disturb the Second Circuit's discovery rule." *See id.* at *10 n.10 (citing *Petrella*, 134 S. Ct. at 1969 n.4).

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's copyright claim for all periods prior to February 17, 2013 with prejudice pursuant to Rule 12(b)(6).

Dated:   New York, New York
          July 18, 2016

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By:   /s/  Robert A. Jacobs
     Robert A. Jacobs
     Prana A. Topper
     7 Times Square
     New York, NY 10036
     Telephone:  (212) 790-4500
     Facsimile: (212) 790-4545
     E-Mail:  rjacobs@manatt.com
     E-Mail:  ptopper@manatt.com

*Attorneys for William Adams p/k/a will.i.am d/b/a will.i.am Music Publishing, i.am.composing, llc, will.i.am music, inc. and BMG Rights Management (US) LLC d/b/a BMG Sapphire Songs*

DAVIS WRIGHT TREMAINE LLP

Marcia B. Paul
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 603-6427
Facsimile:  (212) 489-8340
E-mail:  marciapaul@dwt.com

*Attorneys for Tennman Productions, LLC, Tennman Tunes, LLC, Justin Timberlake, Sony Music Entertainment and Zomba Recording LLC*

COWAN, LIEBOWITZ & LATMAN P.C.

Richard S. Mandel
Scott P. Ceresia
114 West 47th Street
New York, NY 10036
Telephone:  (212) 790-9200
Facsimile:  (212) 575-0671
E-mail:  rsm@cll.com
E-mail:  spc@cll.com

*Attorneys for Universal Music-Z Tunes LLC*