UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
PK MUSIC PERFORMANCE, INC.,        :
                                              :
                         Plaintiff,    :
                                              :          16-CV-1215 (VSB)
             - against -          :
                                            :        **MEMORANDUM & OPINION**
JUSTIN TIMBERLAKE, et al.,         :
                                            :
                      Defendants.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6 / 1__

Appearances:

Brian S. Levenson
Matthew F. Schwartz
Schwartz & Ponterio
New York, New York

Steven M. Lester
La Reddola, Lester & Associates
Garden City, New York
*Counsel for Plaintiff*

Marcia B. Paul
Davis Wright Tremaine LLP
New York, New York
*Counsel for Defendants Justin Timberlake, Zomba Recording LLC, Sony Music Entertainment, Tennman Tunes, LLC, and Tennman Productions, LLC*

Prana A. Topper
Robert A. Jacobs
Manatt, Phelps & Phillips, LLP
New York, New York
*Counsel for Defendants William Adams p/k/a will.i.am d/b/a will.i.am Music Publishing, i.am.composing, llc, will.i.am music, inc., and BMG Rights Management (US) LLC d/b/a BMG Sapphire Songs*

Richard S. Mandel
Scott P. Ceresia
Cowan, Liebowitz & Latman, P.C.
New York, New York

Bridget A. Crawford
Jones Day
New York, New York
*Counsel for Defendant Universal Music-Z Tunes LLC*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion to dismiss of Defendants William Adams p/k/a will.i.am d/b/a will.i.am Music Publishing, i.am composing, llc, will.i.am music, inc., and BMG Rights Management (US) LLC d/b/a BMG Sapphire Songs (the "moving Defendants"), on behalf of themselves and the other named defendants (collectively, "Defendants"). (Doc. 60.) Defendants seek to dismiss Plaintiff PK Music Performance, Inc.'s copyright infringement claim for all time periods prior to February 17, 2013, arguing that Plaintiff may only recover damages for the time period dating three years back from the filing of the complaint. For the reasons that follow, Defendants' motion to dismiss is denied with leave to refile.

## I. Background[1]

Plaintiff acquired its interest in *A New Day Is Here At Last* on December 2, 2015, when Janis McQuinton, the principal of PK Music and the sister of Perry Kibble, who wrote the musical composition, assigned her ownership in *A New Day Is Here At Last* as well as all accrued copyright infringement claims to Plaintiff. (Compl. ¶¶ 18, 23, 25.)[2] Perry Kibble registered the original copyright in *A New Day Is Here At Last* with the United States Copyright Office with an effective date of August 1, 1969. (*Id.* ¶ 20.) A recording of *A New Day Is Here At Last* was made in 1969 by J.C. Davis on the New Day record label. (*Id.* ¶ 21.) Perry Kibble died in 1999 and, through his will, assigned ownership of the copyright to his sister. (*Id.* ¶ 23.)

---

[1] The following facts are taken from the complaint and are assumed to be true for purposes of these motions. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). However, my references to the factual allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to the Complaint and Demand for Jury Trial filed by Plaintiff on February 18, 2016 ("Complaint"). (Doc. 4.)

McQuinton then recorded the assignment with the United States Copyright Office on February 6, 2003, and Plaintiff registered a renewal with the Copyright Office with the effective date of January 11, 2016.  (*Id.* ¶¶ 24, 27.)  Plaintiff published *A New Day Is Here At Last* on December 26, 2015.  (*Id.* ¶ 26.)

On or about September 12, 2006, Defendants commercially released the musical composition and sound recording *Damn Girl* by Justin Timberlake on his album, Futuresex/Lovesounds.  (*Id.* ¶ 28.)  Plaintiff alleges that a "substantial amount" of the music in *Damn Girl* is copied from *A New Day Is Here At Last*, including the introduction, rhythm, harmony, melody, and "hook," and that Defendants "copied, reproduced, distributed, and/or publicly performed copyrightable elements of *A New Day Is Here At Last* in *Damn Girl*, and/or authorized the same . . . without authorization from plaintiff or Janis McQuinton."  (*Id.* ¶¶ 29, 32, 35.)  Although the song was released in 2006, Plaintiff claims that its principal, McQuinton, first discovered that the music in *Damn Girl* was allegedly copied from *A New Day Is Here At Last* in August 2015.  (*Id.* ¶ 37.)  Based on the foregoing, Plaintiff brings a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and seeks injunctive and declaratory relief, as well as actual and statutory damages.  (*Id.* ¶¶ 10, 42–50.)  Plaintiff seeks damages for infringement beginning on September 12, 2006.  (*Id*. at 10.)

## II.  Procedural History

Plaintiff filed its Complaint on February 18, 2016.  (Doc. 4.)  On May 9, 2016, the moving Defendants submitted a pre-motion letter on behalf of all Defendants in anticipation of filing a motion to dismiss the copyright infringement claim on statute of limitations grounds for all time periods prior to February 18, 2013, (Doc. 41), and, on May 12, 2016, Plaintiff responded to that letter, (Doc. 44).

On June 16, 2016, I held a pre-motion conference, during which the parties discussed the anticipated motion as well as the limited discovery contemplated. (*See* Dkt. Entry June 16, 2016.) In accordance with the briefing schedule set, Defendants filed their motion to dismiss on July 18, 2016. (Docs. 60–61.) Plaintiff then submitted its opposition papers on August 17, 2016, (Docs. 62–64), and Defendants filed their reply papers on September 9, 2016, (Docs. 68–70). Plaintiff further filed a motion for leave to file a sur-reply on September 12, 2016, (Doc. 71), which Defendants opposed on September 13, 2016, (Doc. 72). On September 15, 2016, I denied Plaintiff's request, stating that, to the extent any issue could be considered a new argument under the relevant case law, I would disregard that argument. (Doc. 73.)

Finally, Plaintiff also filed a number of notices of supplemental authority, (*see* Docs. 78, 80, 83–85), to which Defendants responded and, in some instances, supplemented with their own new authority, (*see* Docs. 79, 81–82, 86).

### III.  Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

## IV. Discussion

The viability of Defendants' motion to dismiss comes down to a dispute between the parties related to how the Supreme Court's pronouncement of a limitation of three years of retrospective relief from the date a copyright infringement claim is filed, *see Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), interacts with the Second Circuit's adoption of the "discovery rule" when determining recovery for claims brought under the Copyright Act, *see Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014).[3] At its core, Defendants' argument amounts to a request that this Court separate the Second Circuit's pronouncement that the discovery rule applies, *see id.* at 124, from the language supporting a three-year look back, and find, as a result, that the three-year look back prohibits Plaintiff from recovering any damages occurring more than three years prior to the filing of the complaint regardless of when the infringement claim accrues, (*see, e.g.*, Defs.' Mem. 5 (*Petrella* "forecloses Plaintiff from pursuing its claim or recovering damages more than three years prior to suit"), 6 ("The foregoing

---

[3] The Copyright Act provides that civil actions for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Copyright Act separately provides that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Id.* § 504(b).

principles doom Plaintiff's attempt to pursue its copyright infringement claim and recover damages from 2006 to the present."); Defs.' Reply 1 ("*Psihoyos* reaffirmed the application of the discovery rule for claim accrual purposes without altering the traditional three-year look back period for damages."), 5 ("*Psihoyos* holds that the discovery rule determines the accrual of copyright infringement claims, but does not discuss the time period during which damages may be recovered for such claims."))._[4]_  Neither the Second Circuit nor the Supreme Court have explicitly addressed this issue.  Indeed, while noting that the limitations period allows plaintiffs to gain three years retrospective relief from the date the complaint is filed, the *Petrella* Court simultaneously stated that it had not decided whether the injury rule or discovery rule applies, and did not address how application of either rule would interact with the three years retrospective relief limitation.  *See Petrella*, 134 S. Ct. at 1969 n.4, 1970, 1973.

In any event, Defendants also note that Plaintiff's "purported delayed discovery of the claims at issue" is "implausible," and provide a brief summary of the reasons why Plaintiff should have discovered the alleged infringement at an earlier date.  (Defs.' Mem. 3 n.2.) Because I find that this issue may be case dispositive and, if found in Defendants' favor, moot Defendants' argument as to the issue of damages, I decline to consider the question raised by Defendants in their motion at this juncture.

V.     **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's copyright infringement claim for all time periods prior to February 17, 2013 is DENIED with leave to refile at a later stage in the litigation.  The parties are directed to discuss a schedule for briefing

---

[4] "Defs.' Mem." refers to the Memorandum of Law of Defendants in support of Motion to Dismiss.  (Doc. 61.)
"Defs.' Reply" refers to the Reply Memorandum of Law of Defendants in Support of Motion to Dismiss.  (Doc. 68.)

the question of whether the discovery rule bars Plaintiff's claims.  The Clerk of Court is directed to terminate the open motion at Document 60.

SO ORDERED.

Dated: June 13, 2017
     New York, New York

Vernon S. Broderick
United States District Judge